573 F.2d 255
 1978-1 Trade Cases 62,047
 WESTERN ELECTRIC COMPANY, INC., Plaintiff-Appellee,
v.
MILGO ELECTRONIC CORPORATION and International
Communications Corporation, Defendants-Third-Party
Plaintiffs-Appellants,
v.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Third-Party Defendant.
 No. 76-4079.
 United States Court of Appeals,
Fifth Circuit.
 May 19, 1978.
 
 William E. Sadowski, Miami, Fla., Jackson & Jones Law Corp., Stanley R. Jones, Tustin, Cal., for defendants-third-party plaintiffs-appellants.
 Albert E. Fey, New York City, George L. Saunders, Jr., Chicago, Ill., for plaintiff-appellee.
 John K. Aurell, Miami, Fla., for third-party defendant.
 Appeal from the United States District Court for the Southern District of Florida.
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 (Opinion March 6, 1978, 5 Cir., 1978, 568 F.2d 1203).
 Before THORNBERRY, GODBOLD and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Milgo urges that it is entitled to review under the collateral order doctrine because it is irreparably injured by possible loss of its constitutional right to jury trial. The argument runs this way. It demanded a jury trial on its counterclaims. However, those of its counterclaims which were based on the DAA requirement were dismissed by the summary judgment from which it is attempting to appeal. The facts involved in the DAA counterclaims are also involved in Milgo's patent misuse defense, and the trial of the proceeding below will be without a jury (at least as to those facts).[1] If eventually it should be determined that the court erred in dismissing the DAA counterclaims Milgo will then be permitted to go to trial on these counterclaims, but, Milgo asserts, under the doctrines of res judicata or collateral estoppel the factual issues determined without a jury in the proceeding now pending will be determinative of the same factual issues in the later trial. Hence, Milgo may be denied a jury trial as to these facts.
 
 
 2
 At this point Milgo's contention is conjectural. It may be that in the pending proceeding the district court will order a jury trial as a matter of right on such issues as may embrace the "DAA facts," or it may order a jury trial with the consent of both parties.
 
 
 3
 If in the present proceeding below Milgo does not receive a jury trial on the "DAA facts," and ultimately it is allowed to go to trial on its DAA counterclaims, Milgo will be able to require a new trial before a jury unless the denial was harmless error. See U. S. v. Williams, 441 F.2d 637 (CA5, 1971); Wright & Miller, Federal Practice and Procedure § 2322. Milgo thus will not be irreparably injured.
 
 
 4
 The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.
 
 
 
 [1]
 Milgo has not told us whether it has requested a jury trial on the issues to which patent misuse is a defense or whether the district court has issued an order regarding jury trial; all it has told us is that it has demanded a jury on its counterclaims. We note that Western Electric has prayed for an accounting for damages. Such a prayer ordinarily gives rise to a right to trial by jury, Dairy Queen, Inc. v. Wood, 369 U.S. 469, 477-80, 82 S.Ct. 894, 899-901, 8 L.Ed.2d 44, 51-52 (1962), which perhaps extends to the issue of patent misuse